UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUN - 5 2017
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Davon Robinson-Bey, )
                                   )
    Plaintiff, )
                                   )
        v. )    Civil Action No. 16-cv-01874 (UNA)
                                   )
United States of America, )
                                   )
    Defendant. )
                                   )

## MEMORANDUM OPINION

This matter is before the Court on its review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. For the reasons explained below, the *in forma pauperis* application will be granted and this case will be dismissed pursuant to 28 U.S.C. § 1915A, which requires dismissal of a prisoner's complaint upon a determination that it, among other grounds, is frivolous.

Plaintiff is a Maryland state prisoner incarcerated in Westover, Maryland. He initiated this action by filing a perplexing document captioned "Habeas Corpus Ad Subjiciendum Writ of Mandamus, Writ of Error, or in the Alternative Prohibition, Under 42 U.S.C.A[.] 1983 Nunc Pro Tunc." Invoking the Constitution's equal protection clause, plaintiff "petition[s] this Honorable Court to prove that Negro, Black, Colored, Afro-American, African-American, et al., is a lawful status according to Nationality of the human race[.]" Pet. at 1. Plaintiff, a "Moorish-American Moslem," claims that he "can now legally prove that 'Denationalization' is being practiced on [him] with a bogus certified copy of 'Certificate of Live Birth' under the Race as Negro, further classifying me as Black and African American, by the governments of the United States, the City

1

of Baltimore, through its Police Departments and its Courts, and the State of Maryland[.]" *Id.* at 2-3. Plaintiff contends that he is being "held captive and unlawfully detained" under a "bogus" identity because, as a Moorish-American Moslem, he is a member of a "Sovereign" that is "directly affected by International Law, Civil Law, Human Rights, and Civil Rights, . . . with its own Customary Laws, and Language with its Power and Authority deriving from The Great Koran of Mohammed, Droit." *Id.* at 6. Consequently, plaintiff seeks "to be discharged [immediately] from unlawful confinement and restraint," *id.*, and reparations in the form of "[p]ayment at 10 million Gold and Silver Coin for injury or damages in today's currency; redress for a wrong done." *Id.* at 6.

Complaints premised on fantastic or delusional scenarios or supported wholly by allegations lacking "an arguable basis either in law or in fact" are subject to dismissal as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]"); *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981) ("A court may dismiss as frivolous complaints . . . postulating events and circumstances of a wholly fanciful kind."). The instant complaint satisfies this standard; therefore, this case will be dismissed with prejudice. A separate Order accompanies this Memorandum Opinion.

Date: May 30, 2017

United States District Judge